TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
ERIK M. SILBER (Cal. Bar No. 190534)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0470/894-2231
    E-mail: amanda.bettinelli@usdoj.gov/erik.silber@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-137-TJH |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT |
| v. | |
| OTTO ESCOBAR, SR., | Sentencing Date: Feb. 22, 2021 |
| Defendant. | |

The government hereby files its objections to the Presentence Report ("PSR") for defendant Otto Escobar, Sr. ("defendant"), which was disclosed to the government on January 15, 2021. The

///

///

government's objections are based on the PSR and the records and files in this case.

Dated: January 29, 2021

TRACY L. WILKISON
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
AMANDA M. BETTINELLI
ERIK M. SILBER
Assistant United States Attorneys

    Attorneys for Plaintiff
    United States of America

ii

MEMORANDUM OF POINTS AND AUTHORITIES

The Probation Office disclosed the PSR for defendant on January 15, 2021, which included a base offense level of 12 under U.S.S.G. § 2C1.1(a)(2), a two-level enhancement because the offense involved more than one bribe, as provided for in U.S.S.G. § 2C1.1(b)(1), and a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  (PSR ¶¶ 30-48).  With a total offense level of 12 and a criminal history category of III, defendant has a Guideline range of 15-21 month in prison.  (PSR Cover Sheet).

The government has two objections to the Probation Office's Guideline calculation and respectfully argues that the total offense level should be 15, with a resulting Guideline range of 24-30 months in prison.  The basis for the objections are set forth below:

First, the Probation Office declined to apply an enhancement based on the value of the bribes under U.S.S.G. § 2C1.1(b)(2).[1]  (PSR ¶¶ 33-35).  As an initial matter, an element of defendant's offense was that defendant, a broker, caused or aided and abetted DMV employees to accept at least $5,000 worth of bribes to enter fraudulent passing scores so that applicants could illegally obtain California driver's licenses.  See 18 U.S.C. § 666.  Defendant admitted that he was paid in cash by DMV applicants, his customers,

---

[1] Under paragraph 10 of the plea agreement, the government reserved "the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including an enhancement for the value of the bribes under U.S.S.G. § 2C1.1(b)(2)."  (Plea Agreement at p.11).

1

to obtain fraudulent passing scores. Although the government cannot establish that he personally caused more than payment of $5,000 of bribes to DMV employees (see, e.g., PSR ¶ 35), Section 2C1.1 focuses on the value of the bribes to public officials "from the offense," not from the offender. Under U.S.S.G. § 1B1.3, all relevant conduct from defendant's scheme applies here. (See, e.g., PSR ¶ 29 (recognizing the application of relevant conduct); see also United States v. Tejada-Beltran, 50 F.3d 105, 109 (1st Cir. 1995) ("The aggregate amount of the covered bribes is to be derived from the sum total of all relevant conduct-a datum that can be arrived at only after consideration of all acts 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'").

Thus, defendant is responsible not only for the bribes that he paid directly or caused to be paid, but also the cash bribes accepted by others involved in the fraudulent scheme. Here, corrupt former DMV employees Ratliff, Kennedy, and Rivas have each pleaded guilty to accepting at least $5,000 worth of bribes in violation of Section 666. (See, e.g., PSR ¶¶ 9-10, 12; Docket 37 (Ratliff's information)). At a minimum, the value of the bribes based on their involvement in the scheme aggregates to $15,000 and would trigger a two-level enhancement under Sections 2C1.1(b)(2) and 2B1.1(b)(1). Moreover, one DMV employee (Kennedy) has admitted to receiving $500 per week of cash for approximately two years. That admission constitutes more than $50,000 worth of bribes and triggers the six-

2

level enhancement.  If the Court agrees and accepts this objection, the defendant should receive a three-level reduction for acceptance of responsibility, not the two-level reduction applied in the PSR.

   Second, the Probation Office noted the government would seek a two-level variance here, but did not apply it.  (PSR ¶ 108).  The government objects to the failure to include this variance and, as identified in paragraph 3(d) of the plea agreement, the government hereby moves for the two-level variance.  The variance is appropriate and warranted here because the criminal justice system is facing an unprecedented crisis through the backlog of cases due to the pandemic.  By pleading guilty pursuant to his plea agreement, defendant lessened the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.  In light of defendant's conduct, he merits a two-level variance here and the government asks the Court to grant it.